GRIFFITH, Admr v OHIO STATE BANK

Ohio Appeals, 2nd Dist, Fayette Co

Decided Dec 1, 1932

Troy T. Junk, Washington C.H., for plaintiff in error.

Gilbert Bettman, Attorney General, Columbus, Rell G. Allen, special counsel, Washington C.H., and E. L. Bush, Washington C.H., for defendants in error.

ALLREAD, J.

The statute upon which the allowance was made is §10510-46 GC. This section became effective January 1st, 1932, and applies to this case.

Sec 10510-46, GC, among other things provides:

"1. To discharge the cost and expenses of the sale, including reasonable fees for services performed by attorneys for the fiduciary in connection with the sale, and the commission of the executor or administrator thereon for his administration or the compensation of a guardian for his services as fixed by the court.

"2. To the payment of mortgages, judgment and tax liens against the ward or deceased person, according to their respective priorities of lien, so far as they operated as a lien on the estate of the deceased at the time of his death or on the estate of the ward at the time the action was commenced; which shall be apportioned and determined by the court on reference to a master or otherwise."

The particular clause under consideration was brought in by amendment in the new Probate Code and is as follows:

"Including reasonable fees for services performed by attorneys for the fiduciary in connection with the sale."

It is claimed by counsel for plaintiff in error that the clause last quoted constitutes an amendment to the original section, whereas counsel for defendant in error contends that the amendment did not change the existing law. It appears that prior to this amendment the law was not definite as to the allowance of attorney's fees. Since the adoption of the Probate Code containing the amendment the law has been variously construed by text writers. Upon a careful consideration of the statute as it now stands we reach the conclusion that the amendment beginning with the words, "including reasonable attorney's fees," etc.. is an amendment to the prior statute. By this amendment reasonable attorney's fees were included in costs and expenses and were to be taxed as part of the costs. There never has been any question as to the right to tax costs and expenses against the mortgagee where such mortgagee is compelled to bid in the property for the protection of his lien. Under the amendment reasonable attorney's fees are included in the general designation of costs and expenses. It is claimed, however, that where no proceeds arise from the sale as in the case at bar where the mortgagees are compelled to bid in the property to protect their liens, no allowance can be made for attorney's fees because there are no proceeds arising from the sale. That might be true under the old law, and some courts so hold, but under the new law attorney's fees are unlike the poundage of an officer or the percentage of an administrator or executor, which can only be taxed in case the money is handled by such officer or executor. The definite inclusion of reasonable attorney's fees under the amendment adds them to the costs and expenses and makes them payable by the purchaser as other costs and expenses. It is claimed that the mortgagees might have filed an independent suit or when brought into the Probate Court might file an answer and employ their own attorney. Nevertheless, in this case the mortgagees did not institute an original action, but came into the Probate Court and filed their answers in which they joined in the prayer for the sale of the premises in those proceedings. We are therefore of opinion that the mortgagees are not in a position to make this claim.

It is urged that the finding of the Probate Court does not charge the fees in this case as reasonable fees. Nevertheless the motion for rehearing raised the question and the evidence is to the effect that the fees allowed are reasonable fees.

We are therefore of opinion that the judgment of the Court of Common Pleas must be reversed and that of the Probate Court affirmed.

HORNBECK and KUNKLE, JJ, concur.